UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ANTHONY LAQUESA COLEMAN, | Civil Action No. 6:19-cv-200-GFVT |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| DERRICK SMITH, et al., | **&** |
| | **ORDER** |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Anthony Coleman is a federal inmate who was previously confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Coleman has filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [R. 1.] The Court granted Coleman's motion to proceed *in forma pauperis* [*see* R. 5] and now conducts an initial screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2). *See Hill v. Lappin*, 630 F.3d 468, 47071 (6th Cir. 2010).

In his complaint, Coleman alleges that USP-McCreary Correctional Officer Derrick Smith and another unknown officer physically and sexually assaulted him during a search, thereby violating his constitutional rights. [R. 1.] Coleman seeks one hundred thousand dollars in total damages under *Bivens*. [*Id.* at 5.]

While Coleman's allegations are concerning if true, Coleman's complaint must nevertheless be dismissed upon the Court's preliminary screening. Coleman identified two defendants in his complaint: Correctional Officer Smith, sued in his official capacity, and USP-

McCreary, sued in its official capacity. [*Id.* at 2.] As for the claim against Smith, "a *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). While *Bivens* provides a mechanism for a plaintiff to recover money damages from federal officials in their individual capacities for certain claims, Coleman cannot pursue a claim against federal officials via *Bivens* to the extent the officials are sued in their official capacity. *See, e.g., Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). This is because a suit against a government employee in his official capacity is, in fact, a suit against the government agency that employs the individual. In this case, Coleman's official capacity claim against Officer Smith is in effect a claim against the Bureau of Prisons, a federal agency, and *Bivens* does not waive the sovereign immunity enjoyed by the United States and its agencies. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). For the same reasons, Coleman's claim against USP-McCreary as an entity is properly dismissed. USP-McCreary, a federal agency, enjoys sovereign immunity from Coleman's claims notwithstanding the Supreme Court's *Bivens* ruling. *Id.*

Because Coleman cannot recover under *Bivens* against either of the named defendants, Coleman's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Accordingly, the Court hereby **ORDERS** as follows:

1. Coleman's complaint [R. 1] is **DISMISSED**;
2. Judgment will be entered contemporaneously herewith; and
3. This matter is **STRICKEN** from the Court's active docket.

This the 6th day of September, 2019.

Gregory F. Van Tatenhove
United States District Judge